```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

UNITED STATES OF AMERICA,

-v-

JERSON PENA FERNANDEZ,

                Defendant.

22-CR-283 (NRB)

**ORDER**

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

    Defendant Jerson Pena Fernandez was sentenced on May 4, 2023 to a non-guidelines term of imprisonment of 90 months, based on an Offense Level of 33 and a Criminal History Category of I.  See ECF No. 33 at 3.  He faced a Sentencing Guidelines range of 135-168 months.[1]  Id.

    On December 5, 2023, the defendant filed a motion requesting that this Court consider a sentence reduction pursuant to Amendment 821 to the Sentencing Guideline which went into effect on November 1, 2023 and applies retroactively.[2]  See ECF No. 32.  The United

---

[1] In its sentencing submission, the Government informed that the parties stipulated to an Offense Level of 31 and a Criminal History Category of I because "the defendant appeared to meet the safety valve criteria in U.S.S.G. § 2D1.1(b)(18) and acceptance points."  ECF No. 29.  However, the Probation Office calculated an Offense Level of 33 based on "a two-level enhancement for maintaining a premise for the purpose of manufacturing or distributing a controlled substance, pursuant to U.S.S.G. § 2D1.1(b)(12)."  Id.  The Court noted that the enhancement considered by the Probation Office was proper, see ECF No. 31 at 14:15-16, and determined that the Probation Office's Sentencing Guidelines range applied.

[2] Defendant's motion asserts that he was provided "a 3 point reduction pursuant to USSG 3E1.1(a) and (b) which list a sentence range of 97-121 months."  ECF No. 32 at 2.  While defendant is correct that he received a

States Probation Department issued a report indicating that although the defendant is eligible for a zero-point offender recalculation, the original sentence was below the amended Sentencing Guidelines range. See ECF No. 33. Specifically, based on an Offense Level of 31 and a Criminal History Category of I, the Amended Sentencing Guidelines range is 108-135 months. Id.

Having considered the record in this case, the Court finds that the defendant is ineligible for a sentence reduction pursuant to Amendment 821 because the original sentence is below the low end of the amended Sentencing Guidelines range. In determining the original sentence for the defendant, the Court considered the fact that Mr. Pena Fernandez was a first-time offender and the seriousness of his offense, including the enormous quantity of drugs attributable to him. See ECF No. 31 at 18:5-13.

Further, to the extent defendant seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) based on "extraordinary and compelling reasons" by mentioning his rehabilitative efforts while incarcerated, by statute, 28 U.S.C. § 994(t), rehabilitation efforts alone shall not be considered an extraordinary and compelling reason to justify compassionate release. In addition,

---

three-point reduction for acceptance of responsibility pursuant to USSG §§ 3E1.1(a) and (b), the defendant's Offense Level was not 30, as required to have a Sentencing Guidelines range of 97-121 months with his applicable criminal history category. See U.S. Sent'g Guidelines Manual Ch. 5 (U.S. Sent'g Comm'n 2021).

defendant has served approximately 22 months, thus, any discussion of compassionate release is premature.

Accordingly, this motion is denied.  The Clerk of Court is respectfully instructed to terminate the motion pending at ECF No. 32 and mail a copy of this decision to Pena Fernandez (Reg. No. 91125-509) at USP Lewisburg Camp in Lewisburg, Pennsylvania.

**SO ORDERED.**

Dated:     January 25, 2024
           New York, New York

_____
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE